UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
:
KELVIN J. EDWARDS,                      :
                                        :
        Petitioner,                     :
                                        :
        v.                              :   No. 2:16-cv-02826
                                        :
JOHN SOMMERS;                           :
THE DISTRICT ATTORNEY OF                :
THE COUNTY OF MONTGOMERY;               :
THE ATTORNEY GENERAL OF                 :
THE STATE OF PENNSYLVANIA; and          :
PENNSYLVANIA BOARD OF                   :
PROBATION AND PAROLE,                   :
        Respondents.                    :
_____ :

**O P I N I O N**

**Report and Recommendation, ECF No. 16 – Adopted**

**Joseph F. Leeson, Jr.**                                    **December 7, 2017**
**United States District Judge**

    I.      INTRODUCTION

      Kelvin Edwards filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the decision of the Pennsylvania Board of Probation and Parole to deny him parole from the State Correctional Institution in Waymart, Pennsylvania, where he is currently serving a sentence of time served to five years after he pleaded guilty to theft by unlawful taking. ECF No. 1. Edwards subsequently filed a revised petition and state court record. ECF Nos. 3, 8. United States Magistrate Judge Richard A. Lloret issued a Report and Recommendation (R&R) finding no basis for relief and recommending that the habeas corpus petition be dismissed. ECF No. 16. Edwards timely filed objections to the R&R. ECF No. 17.

In 2014, Edwards pleaded guilty to theft by unlawful taking and received a prison term and probation; after serving approximately two months in prison, he was released on parole. While on parole in July 2015, Edwards entered a guilty plea to corruption of minors resulting from a series of sexual assaults upon three separate victims, beginning when all three were minors. As a result, Edwards's parole was revoked with respect to the original theft by taking charge, and he was resentenced to time served to five years in prison. On May 6, 2016, the Parole Board denied Edwards's request for parole. Edwards contends that this decision was arbitrary and capricious and violates his rights to due process, violates the Sixth Amendment, and exposes him to double jeopardy. After de novo review and for the reasons set forth below, the R&R is adopted and the habeas petition is dismissed.

## II. FACTUAL AND PROCEDURAL HISTORY

The Court adopts the factual and procedural history as summarized by Magistrate Judge Lloret in the R&R.

## III. STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x.

142, 147 (3d Cir. 2016). The district court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

IV.     ANALYSIS

Edwards objects only to Magistrate Judge Lloret's conclusion that the Parole Board's denial of parole did not violate substantive due process. He states that SCI Waymart determined that he did not qualify for the eighteen-month sex offender program when he first arrived and describes the Parole Board's requirement that he now complete the program as "totally unrelated to the theft offense which is the reason for his state custody and confinement." Pet'r's Obj. 2. Edwards argues that because the Board found that he cannot receive parole until he completes the sex offender program, and because this program lasts eighteen months, the Board's decision effectively altered his sentence for corruption of minors. Because he received only a sentence of three years' probation for the corruption charge, Edwards argues, and the Parole Board now requires him to complete an eighteen-month program because of the conduct that led to the corruption conviction, the Parole Board effectively has added eighteen months' imprisonment to his corruption sentence, "an impermissible usurpation of the authority of the trial judge." Pet'r's Obj. 3.

Edwards's argument rests on two misunderstandings. First, his argument that the Parole Board's requiring him to complete the sex offender program is "completely unrelated" to the theft offense for which he is imprisoned overlooks the discretion the Parole Board has "to impose conditions upon parole in order to effectuate the purposes of safety to the public and to victims…." *Minor v. Bickell*, No. CIV.A. 13-1320, 2014 WL 3891649, at *6 (W.D. Pa. Aug. 7, 2014). Edwards's past sexual assault of three underage girls clearly bears upon his ability to live safely in society. The Parole Board had not only the discretion, but the duty, to consider it in

3
120717

determining his eligibility for parole. *See, e.g.*, *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001) (holding that parole board did not rely on constitutionally impermissible criteria in denying parole on basis of substance abuse and petitioner's status as habitual offender, among other things, where underlying crime was rape and indecent assault); *McClellan v. Curry*, No. C 09-085 SI(PR), 2009 WL 3809799, at *3 (N.D. Cal. Nov. 13, 2009) ("[T]he case law does not require that parole conditions be directly tied to only the current commitment offense. Both state and federal law allow consideration of a parolee's history and character, as well as the current offense."). This Court cannot conclude that the Parole Board's consideration of Edwards's past conduct was "conscience shocking" or "deliberately indifferent" so as to violate Edwards's due process rights. *See Hunterson v. DiSabato*, 308 F.3d 236, 246–47 (3d Cir. 2002) (holding that requirements of due process are met if there exists some basis for the challenged decision).

Second, although Edwards depicts the Parole Board's decision as adding eighteen months in prison to his sentence for corruption of minors, he is currently serving a sentence for the theft by taking, not corruption of minors. To use Edwards's words, his current prison sentence is "completely unrelated" to his probation sentence for corruption. The Parole Board's decision did not extend Edwards's prison term beyond the sentence for the theft by taking charge and, as discussed, was based on legitimate concerns about Edwards's past. Therefore, the Parole Board did not alter any judicially-imposed sentence or usurp judicial authority.

To the extent that Edwards complains that SCI Waymart's initial determination that he did not qualify for the sex offender program will frustrate his ability to satisfy the Parole Board's requirement that he complete the program, his argument is not yet ripe, as Magistrate Judge Lloret correctly recognized. Edwards has not alleged that SCI Waymart has continued to deny him the opportunity to participate in the program after the Parole Board's decision.

## V. CONCLUSION

Magistrate Judge Lloret correctly concludes that the instant petition for writ of habeas corpus lacks merit. This Court therefore adopts the findings and conclusions in the Report and Recommendation and follows the recommendation to deny the habeas petition. There is no basis to issue a certificate of appealability.

A separate Order will be issued.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge